# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0616** (Cabell County 11-F-33)

**Stewart Jordan III,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Stewart Jordan III, by counsel R. Lee Booten II, appeals the sentencing order entered by the Circuit Court of Cabell County on April 29, 2013, pursuant to a conditional plea of guilty. Respondent State of West Virginia appears by counsel Laura Young.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in the Circuit Court of Cabell County on February 17, 2011, on one count of murder in the commission of a robbery that occurred nearly seven months earlier, when he was seventeen years old. He entered a conditional plea of guilty to one count of first-degree robbery on April 23, 2013, and was sentenced to serve thirty-two years in the West Virginia State Penitentiary. Petitioner's reservation of right to appeal, filed May 1, 2013, indicates that he reserved "the right to appeal the court's previous orders denying [his] motions to dismiss upon speedy trial rights."[1] On appeal, petitioner asserts that the circuit court improperly employed a balancing test to evaluate his motion to dismiss rather than "the traditional three-term analysis." He also argues that the circuit court improperly excluded the September 2011 Term of Court from three-term rule consideration because there is no evidence that he waived his right to a trial in that term. Finally, he asserts that his Sixth Amendment right to a speedy trial was violated.

---

[1]The circuit court denied petitioner's motion to dismiss based on a three-term rule violation by order entered December 6, 2012, and later denied petitioner's motion for reconsideration of that ruling by order entered March 14, 2013. Thereafter, the circuit court denied petitioner's motion to dismiss pursuant to the Sixth Amendment to the United States Constitution by order entered March 24, 2013.

1

The ultimate issue in this case is whether the trial court should have dismissed the indictment for any of the reasons asserted by petitioner. The specific standard of review was explained in syllabus point one of *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009), as follows:

> This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Our inquiry into alleged speedy trial violations is guided by syllabus point two of *State v. Carrico*, 189 W.Va. 40, 427 S.E.2d 474 (1993), which explains that once the indictment has been returned, "'[i]t is the three-term rule, *W.Va. Code*, 62–3–21 [1959], which constitutes the legislative pronouncement of our speedy trial standard under Article III, Section 14 of the West Virginia Constitution.' Syl. Pt. 1, *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986)." West Virginia Code § 62–3–21 essentially provides that an individual indicted for a crime must be tried within three terms of the indictment.[2]

Furthermore, in *State v. Jessie*, 225 W.Va. 21, 689 S.E.2d 21 (2009), this Court reiterated that the methodology for assessing Sixth Amendment[3] allegations was clearly established by this

---

[2]West Virginia Code § 62-3-21 provides:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the state being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, [magistrate], city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.

[3] The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime

Court in *State v. Foddrell*, 171 W.Va. 54, 297 S.E.2d 829 (1982), utilizing the guidance of the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).[4] *See also State v. Cox*, 162 W.Va. 915, 253 S.E.2d 517 (1979) (identifying the *Barker* factors). In syllabus point two of *Foddrell*, this Court explained the applicable standard as follows:

> A determination of whether a defendant has been denied a trial without unreasonable delay requires consideration of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. The balancing of the conduct of the defendant against the conduct of the State should be made on a case-by-case basis and no one factor is either necessary or sufficient to support a finding that the defendant has been denied a speedy trial.

We find that the circuit court engaged in a thorough review of petitioner's motions to dismiss on both State and federal constitutional grounds.[5] Our review of the circuit court's order entered December 6, 2012, that denied the motion to dismiss pursuant to West Virginia Code §

---

> shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

[4]In *Barker*, the United States Supreme Court explained that the circumstances of each case would dictate the outcome and stated as follows:

> A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

407 U.S. at 530, 92 S.Ct. at 2192.

[5]Petitioner's argument that the circuit court applied the *Foddrell* factors to the analysis of West Virginia Code § 62-3-21 appears to be based (1) in his acknowledgment that he initially urged the court to do so, and (2) on the fact that the circuit court, when denying the motion that petitioner later filed on the Sixth Amendment ground, stated that its denial was "based upon the court's previous consideration of the balancing factors to be taken in consideration to analyze alleged violations of Sixth Amendment Speedy Trial Rights, along with those additional factors cited by [petitioner] in his motion filed on March 7, 2013." However, as discussed in the body of this decision, the circuit court's order denying the motion to dismiss on speedy trial grounds does not reference those factors. See discussion, *infra*.

62-3-21, makes no reference to a "balancing test."[6] The circuit court simply noted, as we do now, that of the five terms of court that passed after petitioner's indictment and before the entry of his guilty plea, the first two were marked by agreed continuances by the parties. Thus, only the January 2012 and May 2012 Terms of Court were chargeable against the State for purposes of the three-term rule. Furthermore, given that petitioner specifically requested that the circuit court consider his motions to dismiss in the September of 2012 Term of Court, and the court confirmed with petitioner that he waived his right to be tried in that term of court, that term also is excluded. Moreover, we do not agree with petitioner that the circuit court was wrong to excuse the September 2011 Term of Court, where petitioner's counsel agreed to a continuance to the next term of court. Though petitioner argues that counsel could not waive his right to a trial in that term on his behalf, he has not asserted that his counsel acted contrary to his instructions or without his consent, nor has he presented any evidence in that regard.

Finally, we find that the circuit court properly determined that petitioner was not denied a speedy trial by Sixth Amendment standards. Petitioner never asserted his right to a speedy trial until the September 2012 Term of Court, when he filed motions to dismiss based solely on the lapse of time and, in fact, had agreed to prior continuances while his counsel engaged in plea negotiations that ultimately were successful. Petitioner has presented no evidence of prejudice and no evidence that the State gained any tactical advantage by delay. In consideration of the *Foddrell* factors and under the circumstances of this case, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6]For his argument on this point, petitioner indicates in his brief that "he has completely set forth that argument in his previous pleadings [filed in the circuit court], wherefore he incorporates by reference specifically" his motion to modify the circuit court's order. We pause to caution counsel that a brief filed with this Court must set forth an argument that "contain[s] appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." W.Va.R.App.P. 10(c)(7). Petitioner's incorporation by reference does not comport with the spirit of this rule inasmuch as he has cast a broad net and failed to tailor his argument for this Court's consideration.